# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9464 | **DATE** | 5/18/2004 |
| **CASE TITLE** | US ex rel. James Gibson vs. Stephen D. Mote et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Gibson's petition for writ of habeas corpus is denied. All other pending motions are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 19 2004 date docketed | 26 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

JAMES GIBSON,

        Plaintiff,

vs.

03 C 9464   MAY 19 2004

STEPHEN D. MOTE, and ATTORNEY
GENERAL OF ILLINOIS, Lisa Madigan,

        Defendants.

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the petition of James Gibson ("Gibson") for a writ of habeas corpus. For the reasons set forth below, the petition is denied.

### BACKGROUND

Gibson is currently a prisoner at the Pontiac Correctional Center in Pontiac, Illinois. He is in the custody of Stephen Mote, the facility's warden. Following a bench trial, on October 8, 1991, Gibson was convicted, in the Circuit Court of Cook County, of two counts of first degree murder, two counts of armed violence, and one count of attempted armed robbery. The trial court sentenced Gibson to natural life in prison. Gibson appealed his conviction, to the Illinois Appellate Court, First District,



contending (1) that he had not been proven guilty beyond a reasonable doubt (due to the credibility and potential bias of three key witnesses–two of Gibson's co-defendant's sisters and a heroin addict) and (2) that he received ineffective assistance of counsel because his lawyer did not call alibi witnesses. On September 3, 1993, the appellate court affirmed Gibson's convictions. Gibson then filed a petition for leave to appeal with the Illinois Supreme Court, which was denied on December 6, 1994. Gibson's petition for writ of certiori was denied by the U.S. Supreme Court on April 17, 1995.

On March 15, 1995, Gibson petitioned the Cook County Circuit Court for post-conviction relief. Gibson's petition alleged that evidence favorable to his defense had been suppressed by the prosecution. It also contained claims of ineffective assistance of counsel resulting from his trial counsel's refusal to call alibi witnesses and to allow Gibson to testify at trial, and from his appellate counsel's failure to file affidavits of purported alibi witnesses. On September 11, 1997, Gibson filed a supplemental petition for post-conviction relief, which requested an evidentiary hearing. On September 12, 1997, the Circuit Court of Cook County denied Gibson's petition. Gibson then filed a motion to reconsider the denial of his post-conviction petition without an evidentiary hearing, which was denied on October 20, 1997. Gibson next appealed, alleging that the circuit court abused its discretion in denying him an evidentiary hearing for his post-conviction petition's claims of ineffective assistance

of counsel. On December 15, 1998, the Illinois Appellate Court, First District, affirmed the denial of Gibson's post-conviction petition without an evidentiary hearing. It found that at trial Gibson knowingly waived his right to testify and that, even if Gibson had gone forward with an alibi defense, he still would have been found guilty beyond a reasonable doubt. Gibson proceeded to file a petition for leave to appeal with the Illinois Supreme Court, which was denied on June 2, 1999.

On October 5, 1999, Gibson filed another petition for post-conviction relief, based on claims of newly discovered evidence, in the Circuit Court of Cook County. Gibson's petition alleged that the prosecution (1) knowingly induced Carla Smith, the sister of Gibson's co-defendant, to offer perjured testimony unfavorable to Gibson and (2) relied on that testimony in closing arguments. The petition also alleged ineffective assistance of counsel at the trial (for failing to interview and call to testify the victim's wife, who would purportedly offer evidence to impeach Carla Smith) and appellate (for not procuring the transcript for the second day of Gibson's trial) levels. The petition was supported by affidavits, some of which were neither signed nor notarized, that presented statements contradicting Carla Smith's testimony at trial. On October 21, 1999, the circuit court denied Gibson's petition as untimely, frivolous, and patently without merit. The circuit court also held that any claims in Gibson's petition that had not been raised in his earlier post-conviction petition had been waived. On

December 19, 2000, the Illinois Appellate Court granted Gibson's public defender's motion to withdraw pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987), finding that Gibson's second post-conviction petition contained no arguable issues for appellate review. Gibson then filed a petition for leave to appeal the appellate court's ruling with the Illinois Supreme Court, which was denied on October 7, 2003.

On November 5, 2003, Gibson, who is proceeding pro se, filed the present petition for writ of habeas corpus. Gibson's petition contains the following claims: (1) Ineffective assistance of counsel at the trial level because his lawyer allegedly (a) failed to present alibi witnesses and an alibi defense, (b) refused to let Gibson testify at trial, (c) failed to interview a victim's wife and investigate her testimony, and (d) failed to provide Gibson with requested copies of police reports, which when received Gibson could not read; (2) the prosecution knowingly used and introduced perjured testimony of Carla Smith; (3) prosecutorial misconduct when the prosecution introduced false evidence in closing argument; and (4) ineffective assistance of appellate counsel.[1]

---

[1] According to the government's memorandum, Gibson's petition contains a claim that there was insufficient evidence at trial for the court to reach a finding of guilt beyond a reasonable doubt. However, upon a liberal reading of Gibson's petition, see Blake v. U.S., 841 F.2d 203, 205-06 (7th Cir. 1998), we cannot deduce that such a claim is presented for review.

## LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner in state custody may petition a district court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The AEDPA further dictates that a prisoner in state custody cannot be granted habeas relief "unless the state court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Schaff v. Snyder, 190 F.3d 513, 521 (7th Cir. 1999) (quoting 28 U.S.C. §§ 2254(d)(1) & (2)). For a state court decision to be "contrary to" clearly established federal law, it must be "substantially different" from relevant Supreme Court precedent. Williams v. Taylor, 529 U.S. 362, 405 (2000). This situation arises if the state court either applies a rule that contradicts the governing law as set forth by the Supreme Court or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and still arrives at a different result. Id. at 405-06. A state court decision involves an "unreasonable application" of clearly established Supreme Court law when it uses the correct legal rule but applies it in an objectively unreasonable manner. Id. at 409-10. An objectively unreasonable decision is one that

lies "well outside the boundaries of permissible differences of opinion." Hardaway v. Young, 302 F.3d 757, 762 (7th Cir. 2002).

Under 28 U.S.C. § 2254(d)'s "highly deferential standard for evaluating state court rulings," in deciding habeas petitions, we must give state court decisions "the benefit of the doubt." Woodford v. Viscotti, 537 U.S. 19, 24 (2002) (citation omitted). In doing so, "issues of fact found by a state court are presumed to be correct unless the petitioner rebuts this presumption with clear and convincing evidence." Lechner v. Frank, 341 F.3d 635, 638 (7th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1)). With these considerations in mind we now turn to Gibson's petition for writ of habeas corpus.

## DISCUSSION

The first four claims in Gibson's petition allege that he received ineffective assistance of trial counsel. When a criminal defendant asserts a claim of ineffective assistance of counsel, he bears a "heavy burden" in overcoming the "strong presumption" that his lawyer's assistance was effective and reasonable. United States v. Trevino, 60 F.3d 333, 338, (7th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). The defendant must point to specific acts or omissions by the lawyer that form the basis of his claim and the court must then determine whether, in light of all the circumstances, the lawyer's conduct fell outside the wide range of professionally competent assistance. Id. In order to succeed on an ineffective

assistance of counsel claim, "the defendant must show that there is a reasonable possibility that, but for counsel's unprofessional errors, the result . . . would have been different," with a "reasonable possibility" being "a probability sufficient to undermine confidence in the outcome." Strickland at 694.

Gibson first argues that his trial counsel was ineffective for not presenting an alibi defense despite the existence of alibi witnesses. Gibson contends that his public defender, Paul Stralka ("Stralka"), did not interview or present to testify three witnesses who would offer testimony as to Gibson's whereabouts at around the time of the double murder in question. However, according to their affidavits, the three witnesses would testify that they saw Gibson around the time of the murder only a couple of blocks from the murder scene. In a sworn affidavit Stralka contends that his investigator had interviewed most of these witnesses and that he consciously chose not to present them at trial because their testimony was "insufficient to raise an alibi defense . . . because they would only have established that at the time of the offense that [Gibson] was in close proximity to the place of the offense."

Gibson presented this failure to pursue an alibi defense argument to both the Circuit Court of Cook County and the Illinois Appellate Court. The circuit court found that Stralka's decision not to use the alibi witnesses, who he felt did not add materially to Gibson's defense, was a matter of "trial strategy." While the court did not

specifically cite the case, we can assume that it considered Stralka's strategy within the range of professionally competent assistance under Strickland. The Illinois Appellate Court found that presenting the alibi defense or interviewing an additional alibi witness would not change the outcome of the trial as "not only would the purported alibi defense not have been particularly beneficial to the defense, it would have bolstered the prosecution's case against [Gibson] by placing him so close to the murder scene." We agree with both courts and hold that by electing not to proceed with an alibi defense that offered little, if not less, gain to Gibson, Stralka's decision both was reasonable and did not undermine confidence in Gibson's trial's outcome. Both courts' applications of Strickland's principles were therefore appropriate and easily satisfy the criteria of 28 U.S.C. § 2254(d), making habeas relief on Gibson's first ineffective assistance of counsel claim unmerited.

Gibson's next claim of ineffective assistance of counsel alleges that Stralka refused to allow him to testify on his own behalf at trial. A defendant's right to testify in his own defense at trial is "fundamental," Rock v. Arkansas, 483 U.S. 44, 52-53 (1987), with the defendant having "the ultimate authority" over the decision whether to testify. Jones v. Barnes, 463 U.S. 745, 751 (1983). A defendant can waive his constitutional right to testify, but the waiver must be made knowingly and intelligently. Schneckloth v. Bustamonte, 412 U.S. 218, 241 (1973). Gibson contends that even

though he wished to testify at trial, Stralka instructed him not to testify so that Gibson would not jeopardize a later appeal. When presented with this claim, both the Circuit Court of Cook County and the Illinois Appellate Court concluded that the trial court had informed Gibson of his right to testify, which Gibson knowingly and intelligently waived. Upon review of Gibson's trial transcript we agree with the Illinois courts and find that (1) the trial court informed Gibson of his right to testify, (2) asked Gibson if he had discussed the decision with counsel and received an affirmative response, and (3) Gibson intelligently declined the opportunity to testify. In addition, Stralka's affidavit contends that he recommended that Gibson not testify, but not for any reason relating to a possible appeal. The affidavit states that Stralka counseled Gibson not to testify so as to avoid subjecting him to cross-examination, to focus on the weakness of the prosecution's case, and to avoid impeachment by prior conviction. Under Strickland, these are all reasonable justifications for instructing a client in Gibson's position not to testify. Because we find that Gibson knowingly, intelligently, and voluntarily waived his right to testify, and that Stralka's counsel on the subject was reasonable, we reject Gibson's second ineffective assistance of counsel claim.

Gibson also claims that his trial counsel was ineffective for failing to investigate and interview Carol Benjamin, the widow of one of the victims Gibson was convicted of murdering. According to (1) an unsigned and non-notarized affidavit of Mrs.

Benjamin and (2) an investigation report by detectives investigating her husband's murder, Mrs. Benjamin told the detectives that her husband had never encountered any problems collecting money from his life insurance policyholders. Mrs. Benjamin's unsigned affidavit states that she told the detectives that her husband had not been robbed prior his murder. If taken as true, this statement would contradict the trial testimony of Carla Smith (the sister of Gibson's co-defendant), who testified that in the week prior to his murder she saw Mr. Benjamin with a bandage on his head. Smith testified that Mr. Benjamin told her that the bandage was the result of a recent robbery. Gibson argues that had Mrs. Benjamin's testimony been presented to the trial court, Carla Smith's testimony would have been discounted through impeachment and the outcome of his trial would have been different.

When Gibson presented this claim, via his second petition for post-conviction relief, the Circuit Court of Cook County dismissed the petition as untimely, frivolous, and without merit. On appeal, the Illinois Appellate Court granted Gibson's public defender's <u>Finley</u> motion, finding that Gibson's petition contained no arguable issues. While neither court provided detailed analysis supporting its decision, we do not believe that either court unreasonably resolved Gibson's second post-conviction petition. To begin, Mrs. Benjamin's affidavit that contradicts Carla Smith's testimony is unsigned and not notarized and appears to have been prepared and authored by

Gibson. As such, the affidavit should be given little, if any, evidentiary value. We do recognize a discrepancy between Mrs. Benjamin's Chicago Police investigation report and Carla Smith's testimony. However, the fact that Stralka did not call Mrs. Benjamin to testify[2] cannot be said to undermine confidence in the outcome of Gibson's trial. As noted by the Illinois Appellate Court, "the trial court was well aware of [Carla Smith's] motivation to lie," but still found that she offered enough corroborated testimony to convict Gibson. Because the trial court was already wary of Carla Smith's testimony, it is not likely that conflicting testimony relating to Mr. Benjamin's robbery would have completely discounted Carla Smith's testimony in the trial court's eyes. In addition, as noted by Gibson's newly appointed counsel in his Finley motion, "the question of whether the victim, Mr. Benjamin, had been previously robbed by someone, was of limited relevance to the issue of whether it was [Gibson] who ultimately shot and killed him." Therefore, the fact that Stralka did not present Mrs. Benjamin to testify at trial cannot support an ineffective assistance of counsel claim under the standards of Strickland or 28 U.S.C. § 2254(d).

Gibson's remaining ineffective assistance of counsel claim alleges that despite his requests, Stralka initially failed to provide Gibson with copies of police reports,

---

[2] If Mrs. Benjamin's unsigned and non-notarized affidavit is not given any evidentiary weight, there is no factual support behind Gibson's allegation that Stralka failed to investigate or interview Mrs. Benjamin.

which when received Gibson could not fully read because certain portions of the reports were blocked out – an argument that Gibson has not presented to the Illinois courts. The doctrine of procedural default mandates the dismissal of habeas claims when the defendant has failed to present a federal constitutional issue to the state court system before raising it in the federal habeas proceedings without showing cause and prejudice for his failure to do so. Rodriguez v. Peters. 63 F.3d 546, 555 (7th Cir. 1995). This requirement is intended to provide state courts a "'fair opportunity' to consider a question of constitutional import before" the issue is reviewed collaterally by a federal court. Kurzawa v. Jordan, 146 F.3d 435, 441 (7th Cir. 1998) (quotation omitted). To set forth a claim of ineffective assistance of counsel, a defendant must identify the specific acts or omissions of his attorney that form the basis of his claim. Momient-El v. DeTella, 118 F.3d 535, 541 (7th Cir. 1997). To survive procedural default, the "specific ground for ineffectiveness raised in the federal petition must have been raised in the state case." Everett v. Barnett, 162 F.3d 498, 502 (7th Cir. 1998). If not, the petitioner must show cause for the failure to raise the issue and prejudice arising from the failure or that the failure to consider the claim will result in a fundamental miscarriage of justice. Id. at 502-03. Because Gibson did not raise the ineffective assistance of counsel allegations as to Stralka's withholding of police reports to the Illinois courts, and because he cannot now show cause for his failure to

do so or demonstrate that our refusal to hear his claim will result in a miscarriage of justice, we cannot consider the merits of this ground for relief by reason of procedural default.

Gibson next contends that he is entitled to relief because the prosecution introduced and relied on allegedly perjured testimony by Carla Smith. Gibson bases this claim on the discrepancy between Carla Smith's testimony and (1) the unsigned affidavit of Mrs. Benjamin, (2) Mrs. Benjamin's police investigation report, and (3) the affidavit of William Marshall which contends that Carla Smith told Marshall that she had lied on the stand. This argument was presented to the Circuit Court of Cook County and dismissed as untimely, frivolous, and patently without merit. The circuit court's finding was affirmed by the Illinois Appellate Court when it accepted the Finley motion of Gibson's appointed counsel.[3] We agree with the circuit court that this claim is totally without merit. Even if we were to assume that the Benjamin and Marshall affidavits are completely accurate and true, Gibson offers absolutely no evidence to

---

[3] The government contends that because the Illinois Appellate Court granted the Finley motion arguing that Gibson's second petition for post-conviction relief that was denied, on one ground, as untimely, any issue raised in that petition should be procedurally defaulted under the "independent and adequate" state procedural requirement doctrine. See Moore v. Bryant, 295 F.3d 771, 774 (7th Cir. 2002). However, because the granting of a Finley motion necessarily entails appellate review on the merits, Wilkinson v. Cowan, 231 F.3d 347, 351 (7th Cir. 2001), we reject the government's procedural default arguments concerning claims from Gibson's second post-conviction petition.

support his claim that the prosecution knew that Carla Smith's testimony was perjured at the time of the trial. At best, Gibson demonstrates that there is potential conflict between Carla Smith's testimony and the investigation report of Mrs. Benjamin. However, this is nowhere close to enough proof to substantiate Gibson's audacious and unfounded claims against his prosecutors.

Gibson's next claim is that the prosecution committed misconduct when it knowingly presented false evidence in its closing argument. The closing argument discussed the testimony of Carla Smith, who stated at trial that Mr. Benjamin told her he had been robbed prior to his murder and also that she later overheard Gibson say he was prepared to shoot Benjamin if he resisted Gibson's planned stickup. Once again, Gibson provides no evidence that the prosecution had any knowledge that Carla Smith committed perjury. Because the prosecution's closing argument merely reiterated sworn testimony delivered in open court, we do not find that the prosecution's statements were improper. See U.S. v. Joy, 192 F.3d 761, 769 (7th Cir. 1999). We accordingly agree with the Circuit Court of Cook County that Gibson's contention of prosecutorial misconduct as to the closing argument is frivolous and patently without merit.

Gibson's remaining claim alleges ineffective assistance of appellate counsel. Gibson contends that his appellate counsel did not raise certain unspecified issues on

appeal. Gibson argues that because his appellate counsel had yet to procure the second day of his trial transcript at the time of appeal, he was unable to raise issues for appeal beyond the two presented to the Illinois Appellate Court (that his guilt was not proven beyond a reasonable doubt and ineffective assistance of counsel). However, Gibson's current habeas petition fails to identify which issues he requested his appellate counsel to propound, so we are unprepared to determine whether counsel's assistance was unreasonable to the point of meriting relief under Strickland. As such, the claim is denied.

## CONCLUSION

Based on the foregoing analysis, Gibson's petition for writ of habeas corpus is denied.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: MAY 18 2004