# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9464 | **DATE** | 7/6/2004 |
| **CASE TITLE** | James Gibson vs. Stephen D. Mote et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We deny Petitioner's motion (Doc 28-1) for reconsideration.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 7 - 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 30 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 2004 JUL -6 PH 2:05 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES GIBSON, )
)
      Plaintiff, )
)
vs. ) 03 C 9464
)
STEPHEN D. MOTE and ATTORNEY )
GENERAL OF THE STATE OF ILLINOIS )
LISA MADIGAN, )
)
      Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Petitioner James Gibson's ("Gibson") motion for reconsideration of our May 18, 2004, opinion denying his petition for writ of habeas corpus. For the reasons set forth below, we deny the motion for reconsideration.

### BACKGROUND

Gibson is currently a prisoner at the Pontiac Correctional Center in Pontiac, Illinois. The circumstances leading to his present incarceration are described in our earlier opinion denying his habeas petition. See Gibson v. Mote, 2004 WL 1125926 (N.D. Ill. 2004). Gibson now asks that we reconsider that ruling (1) because there was

insufficient evidence at his murder trial to support a finding of guilt beyond a reasonable doubt, and (2) because he received ineffective assistance of trial counsel due to his lawyer failing to investigate potential alibi witnesses and giving him improper advice concerning his right to testify.

## LEGAL STANDARD

Even though the Federal Rules of Civil Procedure ("Rules") do not officially recognize a pleading called "motion to reconsider," courts generally construe such requests as being brought under Rule 59(e) or under Rule 60(b). Walker v. Abbott Laboratories, 340 F.3d 471, 475 (7th Cir. 2003). All motions to reconsider filed within ten days of the entry of judgment, including Gibson's present motion,[1] are treated as Rule 59(e) motions. Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). Rule 59(e) permits parties to file, within ten days of the entry of a judgment, a motion to reconsider the judgment. Motions for reconsideration under Rule 59(e) are designed "to correct manifest errors of law or fact or to present newly discovered evidence." Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc., 762 F.2d 557, 561 (7th Cir. 1985). Such motions do not give a party the opportunity to rehash

---

[1] Although Gibson's motion was not entered onto the docket until June 1, 2004, by operation of the "mailbox rule" covering prisoner litigation, we treat the motion as filed on May 26, 2004, the date when Gibson delivered it to the proper prison authorities for mailing. See Jones v. Bertrand, 171 F.3d 499, 502 (7th Cir. 1999).

old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) (citing LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995)). Rather, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. LB Credit Corp., 49 F.3d at 1267 (quoting Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision of whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

## DISCUSSION

Gibson first asks that we reconsider the denial of his habeas petition because there was insufficient evidence at his murder trial to support the court's finding of guilt beyond a reasonable doubt. While Gibson raised this issue on an appeal from his conviction (which the Illinois Appellate Court affirmed), he failed to raise it on his habeas petition to this court. Because Gibson had the opportunity to advance this argument in his original petition, it would be improper for us to entertain it on this motion for reconsideration. Moro, 91 F.3d at 876.

Gibson next contends that he should be granted habeas relief because his trial attorney provided ineffective assistance of counsel by failing to investigate potential

alibi witnesses and by advising him not to testify at trial. We addressed both these claims in our prior opinion, finding that his lawyer's assistance was effective and reasonable under the standards of Strickland v. Washington, 466 U.S. 668 (1984). Gibson's motion presents no newly discovered evidence to cast doubt on this finding and merely regurgitates the same arguments contained in his habeas petition. We accordingly reject these grounds for reconsideration. See Dataquill Ltd. v. Handspring, Inc., 2003 WL 1895351, *1 (N.D. Ill. 2003).

## CONCLUSION

Based on the foregoing analysis, we deny the motion for reconsideration.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: JUL - 6 2004